

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-61,215-10 & WR-61,215-11

## EX PARTE ROHN M WEATHERLY, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. C-371-W010279-1380491-D & C-371-012080-1380528-C
## IN THE 371ST DISTRICT COURT
## FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to the offenses of unlawful restraint of a child under seventeen and theft. He was sentenced to fifteen years' imprisonment for each offense, to run concurrently. The Second Court of Appeals affirmed his convictions. *Weatherly v. State*, Nos. 02-16-0026-CR & 02-16-0027-CR (Tex. App.—Fort Worth, Dec. 8, 2016) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his pleas were involuntary because he was never informed that he would have to register as a sex offender as a result of his conviction for unlawful

restraint of a child. The trial court found, and the State agrees, that Applicant's guilty plea to the unlawful restraint charge is involuntary and recommends that Applicant be allowed to withdraw his plea in that case. The trial court did not make the same finding and recommendation about Applicant's guilty plea to the theft charge; rather, it determined that Applicant's involuntary plea claim should be dismissed as subsequent under TEX. CODE CRIM. PROC. Art. 11.07, § 4. However, after the Court's independent review of all of the current and past writ records, it appears that Applicant's pleas to unlawful restraint of a child and theft may have been part of a "package deal." It also appears that neither the trial court nor this Court fully considered this issue in Applicant's previous habeas applications. This issue is important in these cases because it impacts the relief to which Applicant may be entitled.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Cox*, 482 S.W.3d 112 (Tex. Crim. App. 2016). Accordingly, supplemental findings of fact and conclusions of law are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the State and trial counsel to respond. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the plea agreements in the unlawful restraint of a child and theft cases were part of a "package deal."

The trial court shall make specific findings as to the terms of the plea agreements. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 05, 2022

Do not publish